UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUNTER HEIDIG and JANIS HEIDIG,<br><br>Plaintiff,<br>v.<br><br>PNC BANK, N.A. C/O TRUSTEE CORPS; SOMA FINANCIAL; FEDERAL HOME LOAN MORTGAGE CORPORATION AS TRUSTEE FOR SECURITIZED TRUST FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 3038; FREDDIE MAC; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, AKA "MERS"; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. 3:16-cv-00576-MMD-VPC<br><br>ORDER |

**I.   SUMMARY**

Before the Court is Plaintiffs' Ex Parte Motion for Temporary Restraining Order ("TRO") (ECF No. 6) ("Motion"). The Motion seeks to halt a trustee's sale scheduled for October 21, 2016, at 9 a.m. (*Id*.) The Court denied Plaintiffs' request for ex parte relief, directed service on Defendants and directed an expedited response from Defendants. (ECF No. 7.) However, Defendants did not file a response within the shortened time frame provided by the Court. After careful review of the Complaint (ECF No.1) and the Motion, the Motion is granted.

**II.   BACKGROUND**

The following facts are taken primarily from the Complaint and the Motion. On or about August 12, 2005, Plaintiffs entered into a consumer credit transaction with Soma

Financial ("SOMA") by obtaining a $258,000 mortgage loan ("Loan"). Plaintiffs provided a promissory note (the "Note") and a Deed of Trust ("DOT") to their principal residence at 2265 Silky Sullivan Lane, Reno, Nevada 89502 ("the Property") to secure the Loan. Plaintiffs subsequently defaulted on the Loan and Defendants initiated non-judicial foreclosure proceedings. Plaintiffs allege that the Note and DOT were not properly securitized, nor were they properly assigned or transferred to Defendants. (ECF No. 1 at 5-6.) Thus, because Defendants lack proof to perfect chain of title, Plaintiffs allege that Defendants lack standing to foreclose on the Property.

### III.     LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for a temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standards applicable to preliminary injunctions. *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that

the plaintiff is entitled to such relief." *Id.* at 22. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

## IV. DISCUSSION

The Complaint asserts seven claims for violation of NRS § 107.028,[1] injunctive relief pursuant to NRS § 107.080, declaratory relief, quiet title, slander of title, intentional infliction of emotional distress, and lack of standing/wrongful foreclosure. (ECF No. 1 at 13-27.) The Motion appears to be based on Plaintiffs' claim of wrongful foreclosure. (ECF No. 6.) Plaintiffs request both that the Court issue a TRO preventing the trustee's sale of the Property currently scheduled for October 21, 2016, as well as *any* trustee's sale of the Property. (ECF No. 6 at 1, 4 (emphasis in the original).) The Motion alleges irreparable harm from the sale of Plaintiffs' home and incorporates "the Points and Authorities" of the Motion along with the exhibits attached to the Motion. (*Id.* at 1.) The gist of Plaintiffs' argument as to the likelihood of success on the merits of the wrongful foreclosure claim is that Defendants have not produced adequate assignments of the Note and DOT in order to have the standing to issue a notice of default and notice of trustee's sale on the Property. (*Id.* at 2-3.)

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080. To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of default and election to sell. NRS § 107.080(2)(c). A copy of the notice of default and election to sell must be mailed by registered mail or certified mail with return receipt requested to "the grantor or, to the

---

[1] The section of the Complaint is entitled "NRS 107.028(7)" but the contents of the cause of action include allegations of violations of NRS §§ 107.071, 107.085, 107.500, 107.510, and 107.540. (ECF No. 1 at 14.) Furthermore, there are references to unidentified Defendants in this section of the Complaint (e.g., WFNA, WFHM, HSBC and Quality). (*Id.*)

person who holds the title of record on the date the notice of default and election to sell is recorded, and, if the property is operated as a facility licensed under chapter 449 of NRS, to the State Board of Health, at their respective addresses, if known, otherwise to the address of the trust property. NRS § 107.080(3). The trustee or other person authorized to make the sale must wait at least three months after recording the notice of default and election to sell before the sale may proceed. NRS § 107.080(2)(e). After the three-month period, the trustee must give notice of the time and place of the sale to the following: "each trustor, any other person entitled to notice pursuant to this section and, if the property is operated as a facility licensed under chapter 449 of NRS, the State Board of Health, by personal service or by mailing the notice by registered or certified mail to the last known address of the trustor and any other person entitled to such notice pursuant to this section." NRS § 107.080(4)(a).

Plaintiffs allege that after they received a second Notice of Default, a hearing was held in April 2015 before the State of Nevada Foreclosure Mediator. (*Id.* at 2.) At that hearing, the Mediator found that "although the Note and [Deed of Trust] both ended up with PNC Bank, the beneficiary, there was a missing assignment of the [Deed of Trust] from SOMA to [National] City Mortgage in the chain of title." (ECF No. 1-2 at 3.) The Mediator also found that the required certifications with an original signature for each endorsement of the Note were missing. (*See id.*) As a result of the mediation proceeding, a Certificate of Foreclosure was denied. The Nevada state court affirmed the Mediator's findings. (ECF No. 6 at 2.) Defendants nevertheless proceeded with foreclosure by recording another Notice of Trustee's Sale, scheduling the sale for October 21, 2016. (ECF No. 6-2.)

Accepting the facts as alleged in the Complaint and the Motion, which is bolstered by the accompanying exhibits, Plaintiffs have demonstrated that "serious questions going to the merits" of their wrongful foreclosure claim exist. According to Plaintiffs, the missing assignment of the DOT creates a defect in the chain of title and prevents the Defendants from obtaining an FMP certificate. Under Nevada law, for a valid non-judicial foreclosure

sale to occur, a Foreclosure Mediation Program (FMP) certificate must be issued. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. Adv. Op. 48, 286 P.3d 249 (2012). Furthermore, because the irreparable harm of losing one's home cannot be easily remedied while a trustee's sale can be rescheduled for another date, the balance of equities tips strongly in Plaintiffs' favor. The Court will temporarily enjoin the trustee's sale noticed for October 21, 2016.

## V.     CONCLUSION

It is therefore ordered that Plaintiffs' motion for temporary restraining order (ECF No. 6) is granted. Defendants are temporarily enjoined from proceeding with the October 21, 2016, foreclosure sale pending a hearing. The Court will issue a separate minute order scheduling the hearing for no later than fourteen (14) days from the date of this Order and to give Defendants additional time to respond.

DATED THIS 20th day of October 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE