UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GUNTER HEIDIG, and JANIS HEIDIG, Husband and Wife, as Joint Tenants | Case No. 3:16-cv-00576-MMD-VPC |
| Plaintiffs, | ORDER |
| v. | |
| PNC MORTGAGE, A DIVISION OF PNC BANK, N.A. c/o TRUSTEE CORPS, *et al.*, | |
| Defendants. | |

## I.    SUMMARY

Pending before this Court are two motions: Plaintiffs Gunter and Janis Heidig's Motion for Reconsideration on Newly Discovered Evidence (ECF No. 64) and Plaintiffs' Motion for Final Decision on their Motion for Reconsideration (ECF No. 71). The Court has reviewed Defendants'[1] response to Plaintiffs' Motion for Reconsideration. (ECF No. 65.)[2]

For the following reasons, the Motion for Reconsideration is denied and the Motion for Final Decision is denied as moot.

---

[1]The defendants who filed the response are PNC Bank, N.A. ("PNC"), Federal Home Loan Mortgage Corporation, and Mortgage Electronic Registration Systems ("MERS").

[2]Plaintiffs did not file a reply regarding their Motion for Reconsideration. In addition, the Court need not review a response or reply to the Motion for Final Decision as it is not a proper motion. *See* Local Rule 7-4 (identifying emergency motions as the proper avenue for addressing a motion on an expedited basis, i.e., by labelling the motion as an "emergency").

## II.    BACKGROUND

Plaintiffs initiated this action on October 4, 2016, against a variety of Defendants stemming from the attempted foreclosure of their home. (ECF No. 1.) On September 15, 2017, the Court dismissed all claims with prejudice against Defendants on the basis that the legal theories advanced by Plaintiffs—invalid assignment and securitization of their mortgage loan—are not recognized by Nevada law or by the Ninth Circuit Court of Appeals as successful theories. (ECF No. 63.) Plaintiffs now ask for reconsideration of that final order, attaching a purported expert opinion to their Motion for Reconsideration to argue that the invalid assignments and securitization of their mortgage loan make any attempted foreclosure of their home illegal.

## III.    LEGAL STANDARD[3]

Under Federal Rule of Civil Procedure 59(e), a motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

## IV.    DISCUSSION

Plaintiffs argue for reconsideration of the Court's prior order dismissing this action on the basis of "newly discovered information that was not allowed into the Court Record."

---

[3]Plaintiffs do not make clear whether they are bringing their Motion for Reconsideration under Rule 59(e) or Rule 60(b). However, because the title identifies the basis for reconsideration to be "newly discovered evidence," the Court takes this to mean that the Motion for Reconsideration is brought pursuant to Rule 59(e).

(ECF No. 64 at 4.) Specifically, Plaintiffs state that "prior to the decision of this court [to] dismiss the instant matter, plaintiff hired an expert witness [and] learned through an Affidavit . . . by said expert witness of proof." (*Id.*) Defendants respond with three arguments: this expert declaration was available to Plaintiffs before the Court's order dismissing this case was issued, meaning that it is not new or previously unavailable; the declaration is inadmissible; and the declaration does not change the Court's findings of fact or law in the prior order because the declaration merely regurgitates the improper assignment and securitization of Plaintiffs' mortgage loan, which the Court previously found not to be a legally cognizable theory. (ECF No. 65 at 3-4.) The Court agrees with Defendants and will deny the Motion for Reconsideration.

First, Plaintiffs admit that they knew of and possibly had already seen the expert declaration prior to the Court's order. (*See* ECF No. 64 at 4.) A motion for reconsideration "may *not* be used to . . . present evidence for the first time when [it] could reasonably have been raised earlier[.]" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original). Thus, the expert declaration is not "newly discovered."[4]

Second, the Court cannot consider the expert declaration insofar as it makes legal conclusions. The declaration is made by Thomas Hargreaves, who previously worked as a branch manager of a mortgage company, a mortgage loan officer, and an auditor in the mortgage industry. (ECF No. 64-1 at 2.) In the declaration, Hargreaves identifies certain loan origination and assignment documentation as lacking usual signs of authentication, such as a stamp demonstrating the document to be a true and correct copy of the original, an endorsement, or proper notarization. (*See id.* at 4, 9.) After making a factual conclusion about the authenticity of the documents, Hargreaves goes on to assert legal conclusions

---

[4]To the extent Plaintiffs cite to Ninth Circuit case law in their motion and state that it is "newly discovered" (*see* ECF No. 64 at 5-10), these decisions were available before the Court issued its decision and deal with the law of states other than Nevada. While a motion for reconsideration should be granted where there is a pertinent, intervening change in controlling law, *see Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999), that is not the case here.

while citing to various case law. Such conclusions include that PNC does not have authority to foreclose upon Plaintiffs' home and MERS is not a proper beneficiary with the authority to substitute a trustee (*see id.* at 8).[5] Hargreaves also appears to make a legal finding that Plaintiffs have standing to bring a lawsuit to challenge the validity of any assignment of their mortgage loan. (*See id.* at 13.) Whether a document is authentic is a factual question; however, whether a party has standing to bring suit is a legal question, and whether an assignment of a mortgage loan is valid is a mixed question of law and fact. Experts are not permitted to make legal conclusions as they are not experts in the law. *See, e.g., Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law. Experts interpret and analyze factual evidence. They do not testify about the law.") (internal quotation marks and citations omitted). Therefore, even if Hargreaves' declaration were made available to the Court before issuing its order, it is evidence that a court is not permitted to consider when ruling on a motion to dismiss as a matter of law.[6]

Finally, even if the Court were to accept Hargreaves' legal finding that the mortgage loan was invalidly assigned, the Nevada Supreme Court and the Ninth Circuit Court of Appeals[7] have found that borrowers, such as Plaintiffs, do not have standing to

---

[5]Hargreaves' declaration also makes statements about actions outside the purview of this case. For instance, he notes that Soma Financial and its president received a civil penalty for not having an Arizona Banking License. (ECF No. 64-1 at 5.)

[6]The Court was required to accept the factual allegations in Plaintiffs' complaint as true when ruling on the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the contention that the assignments of the mortgage loan were invalid is not a fact, it is a legal conclusion, and therefore the Court was not required to accept it as true. *See id.* Moreover, even if invalid assignment of Plaintiffs' mortgage loan was a fact, it would not change the Court's decision; the law of Nevada and the Ninth Circuit doesn't recognize a legal remedy for borrowers, such as Plaintiffs, when there is an invalid assignment of a mortgage.

[7]In Plaintiffs' Motion for Reconsideration as well as in Hargreaves' declaration, they cite to case law in other states as well as case law in federal courts of appeal other than the Ninth Circuit. This Court is not bound by those decisions; it is bound only by interpretations of Nevada law and precedential case law from the Ninth Circuit and the United States Supreme Court.

4

challenge the invalidity of an assignment or securitization of their mortgage loan because they were not parties to those transactions. *See Wood v. Germann*, 331 P.3d 859, 859, 861 (Nev. 2014) (stating that "homeowner lacks standing to rely on the timing of the assignment as a basis for challenging the subsequent purchaser's authority to enforce the loan" and "[homeowner], who is neither a party nor an intended third-party beneficiary of the PSA, lacked standing to challenge the assignment's validity"); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) (also finding that the plaintiffs had failed to show any injury resulting from no party being in a position to foreclose by, for example, affecting the terms of the plaintiffs' loans, their ability to repay the loans, or their obligations as borrowers). Moreover, regardless of whether a particular entity has the authority to foreclose upon Plaintiffs' home, Plaintiffs are still in default on their mortgage loan and have an obligation to pay back the debt. *See Robins v. Wolf Firm*, No. 2:10-cv-00424-RLH-PAL, 2010 WL 2817202, at *3 (D. Nev. July 15, 2010) (even where foreclosing entity may have failed to act in an equitable manner "it does not entitle the [plaintiffs] to title to property when they have not met their mortgage obligations" and where the plaintiffs do not dispute that they are behind on their mortgage payments).

Therefore, even considering this declaration and accepting its findings of invalid assignment to be true, the Court's decision remains the same, and the Motion for Reconsideration is denied.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the motions.

It is therefore ordered that Plaintiffs' Motion for Reconsideration (ECF No. 64) is denied.

///

It is further ordered that Plaintiffs' Motion for Final Decision (ECF No. 71) is denied as moot.

DATED THIS 18th day of December 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE