UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GUNTER HEIDIG, *et al.*, | Case No. 3:16-cv-00576-MMD |
| Plaintiffs, | ORDER |
| v. | |
| PNC MORTGAGE, A DIVISION OF PNC BANK, N.A. c/o TRUSTEE CORPS, *et al.*, | |
| Defendants. | |

Plaintiffs Gunter and Janis Heidig initiated this action to essentially challenge Defendants' attempt to foreclose on property at 2655 Silky Sullivan Lane in Reno, Nevada ("the Property") used to secure a loan. (ECF No. 11.) In response to Defendants' motion, the Court dismissed Plaintiffs' claims (ECF No. 63), and the Ninth Circuit Court of Appeals subsequently affirmed (ECF No. 73). On August 31, 2017, after the briefing on Defendants' motion to dismiss but before the Court's order resolving that motion, the Court granted Charles Kozak's motion to withdraw as counsel for Plaintiffs. (ECF No. 61.) Before the Court is Kozak's motion to enforce attorney's lien under NRS § 18.015 ("Motion"). (ECF No. 83.) No response has been filed.

Kozak's Motion is based on a Nevada law that gives an attorney a lien on his property when the client does not pay the attorney. *See* NRS § 18.015. "Nevada recognizes two kinds of attorney's liens: (1) a 'charging lien' and (2) a 'retaining lien.'" *Nationstar Mortg., LLC v. Desert Shores Cmty. Ass'n*, Case No. 2:15-cv-01776-KJD-CWH, 2017 WL 1788682, at *1 (D. Nev. Jan. 13, 2017), *report and recommendation adopted sub nom. Nationstar Mortg., LLC v. RAM LLC*, Case No. 2:15-cv-01776-KJD-CWH, 2017 WL 1752931 (D. Nev. May 4, 2017) ("*Desert Shores*") (first citing NRS § 18.015; then citing *Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*,

216 P.3d 779, 782 (Nev. 2009)). "[A] retaining lien attaches to the client's file or other property left in the attorney's possession until the court adjudicates the rights of the attorney, client, or other parties." *Id.* at *1 (citing NRS § 18.015(4)(b)).

Here, Kozak seeks a retaining lien under NRS § 18.015(4)(b), contending that the lien "attached to any property or file documents . . . in the possession of Counsel pursuant to Counsel's representation of the Clients . . . ." (ECF No. 83 at 2.) Kozak asks that the Court enter "an active lien and judgment . . . so that he may [attach] the proceeds of the sale or refinance of [the Property] . . . as the sale of the Property is believed to be imminent." (*Id.* at 3.) However, paragraph 11 of the Attorney/Client Fee Agreement Kozak relies upon provides for "a lien for the balance of any outstanding bill . . . against any payment recovered or distributed to the Client in this case . . . ." (ECF No. 83-1 at 4.) The Court dismissed Plaintiffs' claims, so Plaintiffs did not recover or receive any payment for a lien to attach. To the extent Kozak seeks to enforce a lien on the Property, he has not offered any evidence that such a lien was provided.

Moreover, Kozak fails to show that he has perfected the lien upon which he seeks to enforce. NRS § 18.015(3) provides in pertinent part that an attorney perfects a lien by serving written notice on the clients. Kozak offers no evidence that the required notice has been served.

Finally, Kozak did not offer any billing statements to demonstrate that his request for $14,033.28 in fees is reasonable. Kozak asserts that these statements were not submitted because they contain attorney-client privileged information. (ECF No. 83 at 3.) But without the statements the Court cannot assess the reasonableness of the amount of fees requested.[1]

---

[1] In determining whether the requested fee amount is reasonable, the Court must consider: "(1) the qualities of the attorney; (2) the character of the work to be done; (3) the work the attorney actually performed; and (4) the result." *Desert Shores*, 2017 WL 1788682, at *2 (citing *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969)). The Court questions whether these factors support reasonableness of the amount of fees requested given that the Court dismissed eight of the nine claims with prejudice and based on well-established laws, with the remaining claim that was dismissed without prejudice being brought against an improper defendant. (ECF No. 63.)

Based on the foregoing reasons, it is therefore ordered that Kozak's motion to enforce attorney's lien (ECF No. 83) is denied.

DATED THIS 16th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE